UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paula Michelle Watkins,

          Plaintiff,      Case No. 25-cv-13901

v.                              Judith E. Levy
                               United States District Judge
LaSalle Bank, *et al.*,

                               Mag. Judge Elizabeth A. Stafford

          Defendants.

_____/

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT**

This case concerns a trust and real property dispute. On December 2, 2025, *pro se* Plaintiff Paula Michelle Watkins filed suit against Defendants LaSalle Bank (doing business as Bank of America), Diane Odell, and Chicago Title & Trust. (ECF No. 1.) On December 16, 2025, Plaintiff filed an amended complaint without her handwritten signature. (ECF No. 7.)

I. **Order for Plaintiff to Show Cause Why the Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

Plaintiff alleges that the Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. (ECF No. 1, PageID.3–4.) Plaintiff's allegations, however, are insufficient to show that diversity jurisdiction exists. Subject-matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject-matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). One way in which a federal court has subject-matter jurisdiction is based on diversity jurisdiction. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different

2

States." 28 U.S.C. § 1332(a)(1). "Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *see Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (stating that "complete diversity" requires "that no party share citizenship with any opposing party" (citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))). "In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Washington*, 76 F. App'x at 645–46 (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

Here, the amount-in-controversy requirement is met. The complaint states that the amount in controversy exceeds $75,000. (ECF No. 1, PageID.5.) But the Court cannot determine whether the complete-diversity requirement is met based on the complaint's allegations.

The complaint does not identify Chicago Title & Trust's citizenship. Plaintiff used the *pro se* complaint form (MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case) (ECF No. 1.) If the basis for jurisdiction is diversity of citizenship, Plaintiff must complete Part B of the "Basis for

3

Jurisdiction" section. (*Id.* at PageID.3–4.) At the bottom of the page, the form reads "[i]f more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant." (*Id.*) Plaintiff has failed to attach an additional page providing Chicago Title & Trust's citizenship. As a result, the Court cannot determine whether there is complete-diversity based on the complaint's allegations.

For the reasons explained above, Plaintiff's allegations in the complaint are insufficient to show subject matter jurisdiction under diversity jurisdiction. Accordingly, the Court orders Plaintiff to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response is due on or before **January 20, 2026**.

## II. Order Striking Plaintiff's Amended Complaint

As noted, Plaintiff did not sign the amended complaint. (ECF No. 7.) Federal Rule of Civil Procedure 11(a) provides in relevant part that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Although the amended complaint appears to cure the citizenship

4

defect noted above, it is unsigned and therefore does not comply with the signature requirement of Rule 11(a). Accordingly, the amended complaint is stricken. Plaintiff may refile an amended complaint that contains her handwritten signature. Any complaint Plaintiff decides to file must also address the deficiency regarding jurisdiction noted above.

For reasons stated above, the Court orders:

(1) Plaintiff to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response is due on or before **January 20, 2026**.

(2) The amended complaint (ECF No. 7) is STRICKEN and not part of the record.

**If Plaintiff fails to comply with this order, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2 and for lack of subject matter jurisdiction (28 U.S.C. § 1332(c)(1)).**

IT IS SO ORDERED.

Dated: December 18, 2025　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager