**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Paula Michelle Watkins,

Plaintiff, Case No. 25-cv-13901

v. Judith E. Levy
United States District Judge

LaSalle Bank, *et al.*,

Defendants. Mag. Judge Elizabeth A. Stafford

_________________________________/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [35] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [34]**

On August 13, 2026, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 34) recommending the Court (1) grant Defendant Chicago Title Land Trust Company's[1] motion to dismiss (ECF No. 17) and (2) sua sponte dismiss the claims against Defendants LaSalle Bank and Diane Odell. Plaintiff, who is self-represented or proceeding *pro se*, filed objections to the R&R. (ECF

[1] This Defendant is identified on the docket and in Plaintiff's amended complaint as "Chicago Title & Trust." (ECF No. 10, PageID.75, 77, 82.) But the Defendant refers to itself as "Chicago Title Land Trust Company" in its filings. (ECF Nos. 17, 20, 36.)

No. 35.) Chicago Title Land Trust Company responded. (ECF No. 36.) For the reasons set forth below, Plaintiff's objections (ECF No. 35) are OVERRULED, the R&R (ECF No. 34) is ADOPTED, Chicago Title Land Trust Company's motion to dismiss (ECF No. 17) is GRANTED, and the claims against LaSalle Bank and Odell are DISMISSED.

## I. Background

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 34, PageID.393–395.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir.

2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

Plaintiff's objections are improper. The objections do not specify a portion of the R&R to which Plaintiff objects, and some of the objections appear to take issue with Chicago Title Land Trust Company's arguments—not the R&R. *See Pearce*, 893 F.3d at 346. Moreover, the objections disagree generally with the R&R. *See Miller*, 50 F.3d at 380. They do not show that there is a factual or legal error in the R&R.

Consistent with the language that appears above, this court has stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Similarly invalid are objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge." *See id.*

*McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (first alteration added); *see Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("'A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented

before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (alteration in original) (citing *Howard*, 932 F.2d at 509)). Plaintiff's objections are therefore overruled. The Court considers the objections below and presents additional grounds for overruling each one.

**A. Objection 1**

In her first objection, Plaintiff "objects to the conclusion that the present action involves the same cause of action as the 2015 action." (ECF No. 35, PageID.406.) Plaintiff argues that "[t]he 2015 action concerned a specific property and specific claims, including the property located at 709-15 West Garfield Avenue in Chicago, Illinois." (*Id.*) She argues that "[t]he present action concerns multiple properties located in different locations, different trust numbers and trust interests, separate transactions, and alleged wrongful acts that Plaintiff contends were not adjudicated in the 2015 action." (*Id.*) Plaintiff argues that "[t]he fact that the cases share historical background involving Samuel Hood, alleged trusts, inheritance, and Chicago Title does not automatically establish that every claim concerning every property or trust is the same cause of action." (*Id.*) Plaintiff "requests that the Court examine the actual claims,

properties, trusts, and transactions involved in the 2015 action and compare them individually with the claims asserted in the present Amended Complaint." (*Id.*)

In addition to the reasons Plaintiff's objections are overruled that are set forth above, Plaintiff's first objection is improper because it repeats arguments previously presented to Magistrate Judge Stafford. *See Coleman-Bey*, 287 F. App'x at 422; *McClure*, 2022 WL 730631, at *1. (*See* ECF No. 19, PageID.294 ("[R]es judicata does not apply. The 2015 lawsuit involved one specific property—709 W. Garfield—under a separate trust arrangement. The present action involves multiple properties under different trust numbers and alleges separate wrongful conduct. Because the claims do not arise from the same transaction or occurrence, there is no identity of claims."); *id.* at PageID.296 ("The 2015 case concerned a single, specific property—709 W. Garfield—under a separate trust arrangement. By contrast, the present 2025 lawsuit involves multiple properties in different cities, associated with different trust numbers and separate transactions."); ECF No. 34, PageID.399 ("Watkins argues that the 2015 state action involved one specific property, 709 W. Garfield, while this lawsuit involves multiple properties

under different trust numbers.").) Accordingly, Plaintiff's first objection is overruled.

### B. Objection 2

In her second objection, Plaintiff "objects to treating all of the properties associated with the broader Samuel Hood estate as though they were the same property and the same legal interest." (ECF No. 35, PageID.406.) Plaintiff asserts that "[t]he 2015 action involved a particular property and particular allegations" and that "[t]he present action involves multiple properties and different trust numbers." (*Id.*) She asserts that "the properties involved in the present action were not all the subject of the same transaction or the same adjudication in 2015." (*Id.* at PageID.407.) Plaintiff argues that the Court

> should distinguish between:
>
> 1. the property actually adjudicated in the prior action;
> 2. properties merely referenced in prior pleadings;
> 3. properties held through different trusts;
> 4. different trust numbers;
> 5. separate transactions concerning those properties; and
> 6. claims based upon conduct that was not actually adjudicated in the prior action.

(*Id.*)

Chicago Title Land Trust Company interprets this objection as containing "essentially the same argument" as Plaintiff's first objection. (ECF No. 36, PageID.423.) The Court agrees with that interpretation. Plaintiff's second objection is thus overruled for the same reasons that the Court overruled her first objection. Accordingly, Plaintiff's second objection is overruled.

### C. Objection 3

In her third objection, Plaintiff argues that an Illinois state court's "2010 decision concerning [a] deed [that purported to convey property from Paula Watkins to Paula Watkins] does not establish that every property, trust, trust number, transaction, or alleged breach of duty now asserted by Plaintiff was adjudicated in that proceeding." (ECF No. 35, PageID.407–408.) Plaintiff states that

> [t]hat deed arose from Plaintiff's attempt to document her claimed interest in property connected to Samuel Hood after the circumstances surrounding Samuel Hood's death and the subsequent handling of the property and trust interests. Plaintiff contends that she was attempting to establish and protect an interest she believed she had in the property.
>
> Regardless of the ultimate legal effect of the deed, the 2010 court's ruling concerning that deed cannot reasonably be

> expanded into an adjudication of every separate property and trust interest now asserted.

(*Id.*)

Plaintiff's third objection fails to show that the R&R is flawed. Based on its own review of the R&R, the Court finds that the R&R's analysis section considers "the 2015 state court action" (ECF No. 34, PageID.396–400) and that it does not reference "the 2010 decision concerning the deed." (ECF No. 35, PageID.408; *see* ECF No. 36, PageID.423 ("[Chicago Title Land Trust Company] never relied upon the 2010 litigation, nor did Magistrate Stafford in rendering her decision.").) Furthermore, this objection is improper to the extent it repeats arguments that were before Magistrate Judge Stafford. *See Coleman-Bey*, 287 F. App'x at 422; *McClure*, 2022 WL 730631, at *1. (*See* ECF No. 19, PageID.296 ("Plaintiff's actions in 2010 occurred in the context of Chicago Title's refusal to clarify the status of the trust and beneficiary interests [after Samuel Hood's death]. Importantly, the present lawsuit does not depend solely upon the 2010 deed transaction. It concerns multiple trust numbers, multiple properties, and separate alleged fiduciary breaches beyond that single property.").) Accordingly, Plaintiff's third objection is overruled.

### D. Objection 4

In her fourth objection, Plaintiff takes issue with Chicago Title Land Trust Company "plac[ing] particular emphasis on Plaintiff's 2014 Las Vegas bankruptcy and argu[ing] that Plaintiff failed to disclose her alleged property and trust interests in that proceeding." (ECF No. 35, PageID.408.) Plaintiff "objects to the characterization that this establishes intentional concealment of the interests at issue." (*Id.*) "Plaintiff's position is . . . not that she universally failed to identify the property or interests at issue in every bankruptcy proceeding," given that she "has had other bankruptcy proceedings in which she identified property interests, including proceedings in Milwaukee County and Detroit." (*Id.* at PageID.409.) Plaintiff asks that the Court "consider the [emergency] circumstances surrounding th[e Las Vegas bankruptcy] filing rather than treating the Las Vegas schedules, standing alone, as proof of intentional concealment." (*Id.*) Plaintiff also argues that the Court "should . . . not use the Las Vegas bankruptcy schedules to expand the scope of the 2015 judgment beyond the claims and interests actually adjudicated." (*Id.*)

To the extent Plaintiff's objection challenges Defendant's arguments—and not a specific part of the R&R—the objection is improper, as noted above. Regardless, Plaintiff does not identify an error in the R&R. The R&R mentions the word "bankruptcy" in two sentences in its background section. (ECF No. 34, PageID.395.) But the R&R's analysis section does not consider "Las Vegas bankruptcy schedules." Therefore, the R&R does not (1) "treat[ ] the Las Vegas schedules, standing alone, as proof of intentional concealment" or (2) "use the Las Vegas bankruptcy schedules to expand the scope of the 2015 judgment beyond the claims and interests actually adjudicated." (ECF No. 35, PageID.409.) In addition, Plaintiff's objection is improper because it repeats arguments that were made to Magistrate Judge Stafford. *See Coleman-Bey*, 287 F. App'x at 422; *McClure*, 2022 WL 730631, at *1. (*See* ECF No. 19, PageID.296 (arguing that Plaintiff disclosed "property-related interests" in bankruptcy proceedings in Milwaukee and Detroit and indicating that "[t]he Nevada filing was made under emergency circumstances").) Accordingly, Plaintiff's fourth objection is overruled.

**E. Objection 5**

In her fifth objection, Plaintiff "objects to the recommendation that Defendant Diane Odell is bound by the 2015 judgment based upon privity." (ECF No. 35, PageID.409.) Plaintiff states:

> Ms. Odell was not a named party to the 2015 action.
>
> Plaintiff did not represent Ms. Odell's interests in that case, and Plaintiff did not control the litigation on Ms. Odell's behalf.
>
> The mere fact that Ms. Odell's alleged interests may relate to the same general estate, property, or trust does not establish that her legal interests were actually represented and protected in the prior proceeding.
>
> Plaintiff respectfully requests that the Court require a specific factual and legal basis for finding privity before applying the 2015 judgment to a person who was not a party to that litigation.

(*Id.* at PageID.410.)

Plaintiff's objection does not provide a basis for the Court to not adopt the R&R. Regarding the first two statements that appear in the block quote above, (1) the R&R does not indicate that Odell was a party to the 2015 state court action and (2) the R&R does not assert that Plaintiff represented Odell's interests in the 2015 case. (*See* ECF No. 34, PageID.400 ("Odell's interests were adequately represented *by the*

*defendants* in th[e 2015] case . . . ." (emphasis added) (internal quotation marks and citation omitted)).) Therefore, these statements in Plaintiff's objection do not point out a mistake in the R&R.

With respect to the remaining language in Plaintiff's objection (the next two sentences in the block quote above), this portion of Plaintiff's objection generally disagrees with the R&R. It does not demonstrate that the R&R is incorrect. Accordingly, Plaintiff's fifth objection is overruled.

**F. Objection 6**

In her sixth objection, Plaintiff "objects to the characterization made by [Chicago Title Land Trust Company] concerning her participation in the July 2016 hearing." (ECF No. 35, PageID.410.) Plaintiff asserts that she "was not physically present at the . . . hearing." (*Id.*; *see id.* at PageID.411.) Chicago Title Land Trust Company indicates in its response that it "never stated that [Plaintiff] was present, rather [it] merely stated the truth that [Plaintiff], through her attorney, fully participated in the Motion to Dismiss by briefing the Motion and participating in oral argument which led to a final judgment." (ECF No. 36, PageID.424; *see* ECF No. 17, PageID.109 ("On July 28, 2016, Judge Thomas Allen, after hearing oral arguments from all parties,

entered an order granting [Bank of America's] and [Chicago Title Land Trust Company's] Motions to Dismiss with prejudice.").) Because Plaintiff's objection does not challenge a portion of the R&R, this objection is improper. The objection is also improper because it does not relate to a "factual [or] legal" issue "at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Accordingly, Plaintiff's sixth objection is overruled.

**G. Objection 7**

In her seventh objection, Plaintiff takes issue with Chicago Title Land Trust Company's "argu[ment] that Plaintiff had an opportunity to submit briefing in the 2015 action and therefore had an opportunity to present her claims." (ECF No. 35, PageID.412.) Plaintiff "does not dispute that documents were filed in the 2015 action." (*Id.*) She argues that "the filing of briefs does not establish that every property, trust, trust number, transaction, and alleged wrongful act presently asserted was actually adjudicated." (*Id.*) She argues that her "present claims should not be dismissed merely because she previously litigated a dispute involving some of the same historical facts." (*Id.*) Plaintiff states that the Court "should examine what issues were actually decided and what relief was

actually adjudicated rather than assuming that every matter concerning the broader Samuel Hood estate was resolved." (*Id.*)

To the extent the arguments in Plaintiff's seventh objection overlap with the arguments in her first and second objections, Plaintiff's seventh objection is overruled for the same reasons that her first and second objections were overruled. And to the extent Plaintiff's seventh objection (1) challenges an argument made by Chicago Title Land Trust Company but not specific language in the R&R and (2) does not relate to a "factual [or] legal" issue "at the heart of the parties' dispute," *Thomas*, 474 U.S. at 147, Plaintiff's seventh objection is improper. Accordingly, Plaintiff's seventh objection is overruled.

**H. Objection 8**

In her eighth objection, Plaintiff "notes that Samuel Hood's nephew, who is Plaintiff's long-term partner, has separately asserted claims in federal court concerning matters related to the Samuel Hood estate and associate trust and property interests. His case number is 2:24-cv-11164-TGB-CI." (ECF No. 35, PageID.412.) According to Plaintiff, "[h]is separate litigation demonstrates that the broader Samuel Hood estate and trust dispute may involve separate legal interests

belonging to different individuals." (*Id.* at PageID.413.) Plaintiff argues that "the existence of his federal case . . . is relevant to the question of whether the 2015 action should be treated as though it adjudicated every person's legal interests concerning the Samuel Hood estate and every property and trust connected to it." (*Id.*) Plaintiff states that Samuel Hood's nephew "was not a party to Plaintiff's 2015 Illinois action, and Plaintiff did not represent his individual interests in that proceeding." (*Id.*) Plaintiff asks that the Court "distinguish Plaintiff's individual claims from the independent legal interests of other persons who were not parties to the 2015 action." (*Id.*)

Plaintiff's objection is improper. It presents information that did not appear in Plaintiff's previous filings. Therefore, Magistrate Judge Stafford did not have an opportunity to consider it. "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues

and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)); *Daniel v. Fighter-Daniel*, No. 24-cv-11218, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were never presented before the magistrate judge, they are not considered here." (internal citation omitted)). Accordingly, Plaintiff's eighth objection is overruled.

### I. Objection 9

In her ninth objection, Plaintiff "objects to treating all defendants as legally identical for purposes of claim preclusion." (ECF No. 35, PageID.413.) Plaintiff states that "Chicago Title and LaSalle were parties to the 2015 action. Diane Odell was not." (*Id.*) Plaintiff argues that

> [t]he Court should separately examine:
>
> 1. the claims asserted against each defendant;
> 2. the conduct attributed to each defendant;
> 3. whether that conduct was litigated in the 2015 action;
> 4. whether the defendant was a party to the prior action; and
> 5. if the defendant was not a party, whether a legally sufficient basis exists for privity.
>
> The fact that Chicago Title may have been involved in the 2015 action does not automatically establish that every claim against every defendant is barred.

(*Id.* at PageID.414.)

Plaintiff's objection does not identify a factual or legal error in the R&R. Accordingly, Plaintiff's ninth objection is overruled.

**J. Objection 10**

In her tenth objection, Plaintiff "object[s] . . . to the scope of the preclusive effect being given to th[e] judgment" from the 2015 action, which "resulted in a dismissal with prejudice." (*Id.*) Plaintiff argues that "[t]he present action concerns alleged interests involving multiple properties, different trust numbers, separate transactions, and alleged conduct that Plaintiff contends was not adjudicated in the 2015 action." (*Id.*) Plaintiff asserts that the Court "should therefore determine the precise scope of the 2015 judgment before concluding that the entire present action is barred." (*Id.*) Plaintiff states that "[t]he proper question is not simply whether Plaintiff previously filed a lawsuit concerning Samuel Hood or related property. The question is whether the specific claims now before this Court were previously adjudicated and whether each defendant is legally entitled to invoke that prior judgment." (*Id.* at PageID.415.)

The arguments in Plaintiff's tenth objection overlap with the arguments that appear in her first and second objections. The tenth objection is thus overruled for the reasons the first and second objections were overruled. Moreover, Plaintiff's tenth objection does not identify a mistake in the R&R. Accordingly, the tenth objection is overruled.

**K. Objection 11**

In her eleventh objection, Plaintiff "requests that the Court consider the actual underlying record concerning the 2015 action, including the docket, hearing record, transcript if available, pleadings, motions, and dismissal order." (*Id.*) She states:

> Plaintiff has already requested records concerning the July 2016 hearing because there is a factual dispute concerning her personal presence and participation.
>
> Plaintiff should not be required to accept Defendant's characterization of the prior proceedings where Plaintiff is actively attempting to obtain the contemporaneous record to establish what occurred.
>
> To the extent the Court determines the factual issues concerning the scope of the prior litigation cannot be resolved from the pleadings and properly considered judicial records, Plaintiff respectfully requests that the Court refrain from resolving those disputed factual matters against her at the pleading stage.

(*Id.* at PageID.415–416.)

Plaintiff does not demonstrate in her eleventh objection that the R&R is flawed or incorrect and that the R&R should not be adopted. As a result, the objection does not provide a basis for the Court to reject the R&R. Accordingly, Plaintiff's eleventh objection is overruled.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 35) are OVERRULED, the R&R (ECF No. 34) is ADOPTED, Chicago Title Land Trust Company's motion to dismiss (ECF No. 17) is GRANTED, and the claims against LaSalle Bank and Odell are DISMISSED.

IT IS SO ORDERED.

Dated: September 21, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2026.

s/Amanda Chubb
AMANDA CHUBB
Case Manager